IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN H. LATHAM | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 7-07-CV-086-BD |
| MICHAEL J. ASTRUE, Commissioner of Social Security | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John H. Latham seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including neck and back pain, arthritis in his knees, and carpal tunnel syndrome. After his applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 8, 2006. At the time of the hearing, plaintiff was 47 years old. He has a high school education and past work experience as an industrial commercial grounds keeper, an industrial maintenance repair worker, a steel erection worker, and an insulation worker. Plaintiff has not engaged in substantial gainful activity since January 1, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from degenerative disc

disease, the judge concluded that the severity of that impairment did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform his past relevant work as an industrial commercial grounds keeper, a steel erection worker, and an insulation worker. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In a single ground for relief, plaintiff contends that the assessment of his residual functional capacity is not supported by substantial evidence and results from reversible legal error.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected

to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

> 1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.
>
> 3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.
>
> 4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ ignored his manipulative limitations and failed to make a "function-by-function" assessment of his residual functional capacity. At issue are notes made by Dorian Shevitz, a physician's assistant at Community Healthcare Center, which indicate that plaintiff suffers from carpal tunnel syndrome, as evidenced by "slight ulnar deviation" and "proximal carpal interphalangeal nodularity" in his hands and diminished strength in his arms. (*See* Tr. at 132-33, 137). These findings are consistent with plaintiff's subjective complaints of severe pain in his right arm and both hands, which he alleges prevents him from gripping or picking up objects weighing more than one or two pounds. (*See id.* at 85, 98, 175). Had a "function-by-function" residual functional capacity assessment been performed, as required by the social security regulations, plaintiff believes the ALJ would have found that he could not perform his past relevant work.

The court initially observes that a physician's assistant is not an "acceptable medical source" whose opinion is entitled to controlling weight. *See, e.g. Shubargo v. Barnhart*, 161 Fed. Appx. 748, 751, 2005 WL 3388615 at *3 (10th Cir. Dec. 13, 2005); *Smith v. Shalala*, 856 F.Supp. 118, 122 (E.D.N.Y. 1994). *Cf. Porter v. Barnhart*, 200 Fed. Appx. 317, 319, 2006 WL 2641666 at *2 (5th Cir. Sept. 14, 2006) (chiropractor is not an "acceptable medical source"). Only licensed physicians or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists are considered "acceptable medical sources" who can provide evidence that a claimant suffers from a medically determinable impairment. *See* 20 C.F.R. §§ 404.1513(a) & 416.913(a). The hearing record contains no evidence from an "acceptable medical source" that plaintiff suffers from carpal tunnel syndrome, or any other medically determinable impairment, that limits his ability to use his hands.

Nonetheless, Shevitz's findings may be used to show the severity of plaintiff's impairment and how it affects his ability to work. *See id.* at §§ 404.1513(d) & 416.913(d) (allowing consideration of other medical-source evidence and defining "other sources" to include physician's assistants); *Shubargo*, 2005 WL 3388615 at *3 (ALJ may consider medical observations of physician's assistant to assist in determining the severity of an impairment); *Porter*, 2006 WL 2641666 at *2 (same as to chiropractor). Here, the ALJ referenced plaintiff's treatment at Community Healthcare Center and his subjective complaints of pain in the hearing decision. (*See* Tr. at 23). However, there is no evidence from Shevitz, or any other medical source, to suggest that plaintiff has any grip or manipulative limitations. To the contrary, Dr. Kaniz Fatema, a state agency physician who examined plaintiff, determined that plaintiff had no significant functional limitations in his arms and hands. (*See id.* at 113-23). This evidence, together with plaintiff's failure to point to any medical evidence of manipulative limitations, provides substantial evidence to support the

ALJ's conclusion that plaintiff could perform medium work "with no other limitations." (Tr. at 23). *See Porter*, 2006 WL 2641666 at *2 (substantial evidence supported finding of no disability where chiropractor and other doctors failed to recommend manipulative limitations).

Nor was the ALJ required to explicitly engage in a "function-by-function" analysis of plaintiff's residual functional capacity. Although the social security regulations require an assessment of work-related abilities on a "function-by-function basis," *see* SSR 86-8p, 1996 WL 374184 at *1 (SSA 1996), an ALJ may rely on a "function-by-function" assessment performed by a state examiner. *See Beck v. Barnhart*, 205 Fed.Appx. 207, 213-14, 2006 WL 3059955 at *5 (5th Cir. Oct. 27, 2006); *Onishea v. Barnhart*, 116 Fed.Appx. 1, 2, 2004 WL 1588294 at *1 (5th Cir. Jul. 16, 2004). Here, Dr. Fatema performed a "function-by-function" analysis of plaintiff's residual functional capacity, wherein he found no evidence of any manipulative limitations. (Tr. 119). The ALJ was entitled to rely on that assessment and was not required to repeat the exercise. *Onishea*, 2004 WL 1588294 at *1; *see also Zeno v. Barnhart*, No. 1:03-CV-649, 2005 WL 588223 at *9 (E.D. Tex. Feb. 4, 2005).

C.

Plaintiff also argues that the ALJ failed to make specific findings regarding the physical and mental demands of his prior work. "When making a finding that an applicant can return to his prior work, the ALJ must directly compare the applicant's remaining functional capacities with the physical and mental demands of his previous work." *Latham v. Shalala*, 36 F.3d 482, 484 (5th Cir. 1994), *citing* 20 C.F.R. § 404.1520(e). The ALJ may not rely on generic classifications of previous jobs. *Id.*, *citing* SSR 82-61, 1982 WL 31387 at *1 (SSA 1982). Instead, the ALJ must list the specific physical and mental requirements of the previous job and assess the claimant's ability to perform that job. *Id.*

The hearing decision in this case falls short of that requirement. In describing plaintiff's past relevant work, the ALJ merely listed each job with an SVP rating.[1] (*See* Tr. at 24). Nowhere does the judge discuss the specific physical and mental requirements of the job or assess plaintiff's ability to perform the physical and mental demands of his prior work. Despite this procedural error, plaintiff has failed to demonstrate prejudice. The court has already determined that substantial evidence exists to support the hearing decision. There is no reason to believe that the disability determination would have been different had the ALJ made specific findings regarding the physical and mental demands of plaintiff's prior work *See Parker v. Barnhart*, 431 F.Supp.2d 665, 674 (E.D. Tex. 2006) (claimant was not prejudiced by ALJ's failure to make required findings as to the physical and mental demands of claimant's prior work where there was no reasonable possibility that the resulting disability determination would have been different); *Medina v. Barnhart*, No. SA-04-CA-1057-FBN, 2005 WL 2708789 at *9 (W.D. Tex. Oct. 19, 2005) (same).

## CONCLUSION

The hearing decision is affirmed in all respects.

SO ORDERED.

DATED: October 15, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] SVP, or specific vocational preparation time, is defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Dikeman v. Halter*, 245 F.3d 1182, 1186 n.2 (10th Cir. 2001), *quoting* U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, App. B, B-1 (1993). The higher the SVP rating, the more time that is required for the worker to learn the job.